UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIFFANY GLENN,

      Plaintiff,

  v.

TERMINAL RAILROAD ASSOCIATION
OF ST. LOUIS and TCU LOCAL 574,

      Defendants.

Case No. 14-cv-328-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Terminal Railroad Association of St. Louis' ("Terminal Railroad") motion to dismiss plaintiff Tiffany Glenn's failure to promote claim in this Title VII sex and race discrimination action (Doc. 11). Relying on Federal Rule of Civil Procedure 12(b)(6), Terminal Railroad argues Glenn failed to exhaust her administrative remedies on part of her claim by failing to include it in the charge she filed with the Equal Employment Opportunity Commission ("EEOC"). It attaches the charge to its motion. Glenn has responded by advancing a single procedural argument – that Terminal Railroad filed its motion twelve minutes after its answer so it has lost its right to raise the exhaustion issue in a Rule 12(b)(6) motion. (Doc. 13). Terminal Railroad has replied to that response (Doc. 14).

The Court puts an end to Glenn's timeliness argument by its solution to another problem – Terminal Railroad's inclusion of matters outside the pleadings with its Rule 12(b)(6) motion. Ordinarily, when matters outside the pleadings are presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration. *See* Fed. R. Civ. P. 12(d).

Other district courts within the Seventh Circuit have found that EEOC charges fall into exceptions to this general rule for uncontroverted documents referred to and central to the complaint, *Minch v. City of Chi.,* 486 F.3d 294, 300 n. 3 (7th Cir. 2007), and for documents in the public record of which the Court can take judicial notice, *Menominee Indian Tribe of Wisc. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). *See, e.g., Hall v. Walsh Constr. Co.*, No. 11 CV 08706, 2012 WL 3264921, *1 n. 4 (N.D. Ill. Aug. 9, 2012). However, the Seventh Circuit Court of Appeals has not expressly found that these exceptions apply in the context of EEOC charges,

especially where the plaintiff did *not* refer to an EEOC charge in her complaint. Additionally, where there are issues regarding the timing of a Rule 12(b)(6) motion, the Court finds it advisable simply to convert the motion to a summary judgment motion and give Glenn an opportunity to respond using the summary judgment standard. Summary judgment motions can be filed at any time until thirty days after discovery closes, so there is no question that the pending motion would be timely. Furthermore, it is clear that even if the Rule 12(b)(6) motion had been untimely, Terminal Railroad did not waive the *issue* of exhaustion, as opposed to the right to raise it in a motion to dismiss. A defendant does not waive a defense of failure to state a claim by failing to raise it in a motion to dismiss filed prior to an answer but must simply raise the issue using a different vehicle. *See* Fed. R. Civ. P. 12(h).

For these reasons, the Court:

- **CONVERTS** Terminal Railroad's motion to dismiss into a summary judgment motion pursuant to Rule 12(d);

- **ORDERS** that Glenn shall have up to and including November 21, 2014, to file a response to the summary judgment motion; and

- **RESERVES RULING** on the summary judgment motion pending completion of briefing.

**IT IS SO ORDERED.**
**DATED:   October 20, 2014**

> s/J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**