UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIFFANY GLENN,<br><br>       Plaintiff,<br><br>   v.<br><br>TERMINAL RAILROAD ASSOCIATION<br>OF ST. LOUIS and TCU LOCAL 574,<br><br>       Defendants. | Case No. 14-cv-328-JPG-DGW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Terminal Railroad Association of St. Louis' ("Terminal Railroad") motion to dismiss plaintiff Tiffany Glenn's failure to promote claims in this Title VII sex and race discrimination action (Doc. 11). The Court has converted the motion to dismiss into a motion for summary judgment since matters outside the pleadings are attached, and it has given Glenn an opportunity to respond to the motion under summary judgment standards (Doc. 20). *See* Fed. R. Civ. P. 12(d). Glenn has responded to the summary judgment motion (Doc. 24).

**I.     Background**

Glenn, an African-American woman, began working as a clerk for Terminal Railroad in September 26, 2011. In her complaint, she alleges that Terminal Railroad assured her that, considering her education and training, she would be able to apply for management positions. She claims she applied for at least three higher level positions (chief clerk, B-2 clerk and paymaster clerk), but Terminal Railroad hired people for those positions who were less qualified than Glenn. Additionally, she alleges that in December 2012, Terminal Railroad removed her from the "Guaranteed Extra Board," which effectively prevented her from obtaining a permanent

position with Terminal Railroad.[1]  She believes Terminal Railroad's decisions to deny her promotions and to remove her from the Guaranteed Extra Board were based on her sex and race.

In April 2013, Glenn filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging sex and race discrimination.  In her charge, she describes the basis for her discrimination claims:  "On or about 12/1/2012, I was placed on a Non-Guaranteed Extra Board. I had previously been on the Guaranteed Extra Board.  Dennis Bosco, a Caucasian male with less seniority than I, was not placed on the Non-Guaranteed Extra Board."  She does not expressly refer in her charge to Terminal Railroad's failure to promote her to the three positions for which she had earlier applied.

On March 12, 2014, Glenn filed this lawsuit alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, based on Terminal Railroad's decisions not to promote her and to remove her from the Guaranteed Extra Board.  Terminal Railroad now asks the Court for summary judgment on Glenn's failure to promote claims on the grounds that Glenn did not raise those decisions in her EEOC charge, a prerequisite for suit under Title VII.  In response, Glenn argues that her failure to promote claims are sufficiently like or related to her removal from the Guaranteed Extra Board claim that they should be deemed to have been included in her EEOC charge.

**II.  Analysis**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

---

[1] An extra board is "a pool of workers who are available to cover for regular employees.  These workers are employed under special terms and usually do not enjoy all the benefits and entitlements of regular workers."  A. Latham, *What is Extra-Board Employment?*, http://smallbusiness.chron.com/extraboard-employment-18286.html.  Although neither party addressed the matter, it is the Court's understanding that a guaranteed extra board is assured a certain level of work or pay and that a non-guaranteed extra board is not.

56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). Because all parties agree about the substance of Glenn's EEOC charge, the resolution of this motion turns on whether Terminal Railroad is entitled to judgment as a matter of law, that is, whether Glenn's charge about her removal from the Guaranteed Extra Board was sufficient to find she exhausted her administrative remedies with the EEOC on her claims that she was not promoted.

Title VII requires a plaintiff to present her Title VII claims to the EEOC before filing a federal lawsuit. 42 U.S.C. § 2000e-5(f)(1); *Gorence v. Eagle Food Ctrs, Inc*., 242 F.3d 759, 763 (7th Cir. 2001). A Title VII plaintiff may sue only on "those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Haugerud v. Amery Sch. Dist*., 259 F.3d 678, 689 (7th Cir. 2001) (internal quotations and citations omitted); *accord Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010). Claims are "like or reasonably related" if there is a factual relationship between them, that is, if the charge and the complaint "describe the same conduct and implicate the same individuals." *Haugerud*, 259 F.3d at 689 (internal citations and quotations omitted); *accord Swearnigen-El*, 602 F.3d at 864. If there is such a factual relationship, the Court then asks whether the lawsuit claim could reasonably have developed from the EEOC's investigation of the charge. *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). If so, the employer will have had fair warning of the claims against it and a fair chance to settle the dispute during the administrative proceedings. *Haugerud*, 259 F.3d at 689.

It is undisputed that Glenn's EEOC charge does not mention the alleged failures to promote that preceded Glenn's removal from the Guaranteed Extra Board. The relevant question,

then, becomes whether the removal from the Guaranteed Extra Board was so related to the failures to promote that the charge about the removal and the EEOC's subsequent investigation put the defendant on notice of Glenn's failure to promote claims.

The Court believes the alleged instances of discrimination were not sufficiently related. First, even under a generous reading of the complaint, each of the three failures to promote Glenn and her removal from the Guaranteed Extra Board appear to be independent, discrete decisions, albeit possibly motivated by the same discriminatory animus. However, a common animus that manifests itself in separate, discrete decisions does not mean that an EEOC charge complaining of one decision drags in every other decision motivated by that animus. *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010) (noting that even if additional alleged acts of discrimination "fit in and become part of an overall general pattern of discrimination," finding such additional acts exhausted "would eviscerate the general rule that each separate act of discrimination must be set out in an EEOC charge before an action can be brought"). There must be some common factual basis showing the decisions in the EEOC charge are related to the decisions left out of the charge.

Here, no evidence in the record shows that the four incidents "describe the same conduct" or "implicate the same individuals" such that one incident is reasonably related to the others for EEOC charge purposes. Nor is there any evidence showing that the EEOC's investigation of Glenn's removal from the Guaranteed Extra Board was likely to have developed into an investigation of the three alleged failures to promote. The EEOC charge simply did not give Terminal Railroad sufficient notice of Glenn's failure to promote claims such that they had a fair opportunity to resolve those claims at the administrative level. Accordingly, the Court finds that Glenn failed to present her Title VII failure to promote claims to the EEOC before filing this

lawsuit and that, as a consequence, they are barred.

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Terminal Railroad's motion to dismiss, which was converted to a motion for summary judgment (Doc. 11);

- **DISMISSES without prejudice** Glenn's Title VII claims based on the failures to promote her to the positions of chief clerk, B-2 clerk and paymaster clerk; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   January 6, 2015**

                                         s/J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**