UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIFFANY GLENN,<br><br>      Plaintiff,<br><br>    v.<br><br>TERMINAL RAILROAD ASSOCIATION<br>OF ST. LOUIS and TCU LOCAL 574,<br><br>      Defendants. | Case No. 14-cv-328-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the bills of costs filed by defendant Transportation Communications Union Local 574 ("TCU Local 574") in the amount of $1,991.75 (Doc. 66) and defendant Terminal Railroad Association of St. Louis ("Terminal Railroad") in the amount of $3,151.19 (Doc. 69). Plaintiff Tiffany Glenn has responded by asking the Court to deny an award of costs on the basis of her indigency even though the defendants prevailed in this case (Doc. 71). She does not object to the substance of the bills of costs. Neither defendant has responded to Glenn's request to deny costs.

Ordinarily, the Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but it has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A reduction or denial of costs may be appropriate, for example, where the losing party is indigent and her suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)); *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses

and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show she fits within the exception. *Id.* at 636. If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518.

The Court has reviewed Glenn's evidence of indigency attached to her petition to deny costs and finds, as a threshold matter, that she is incapable now of paying the $5,142.94 in total costs sought by the defendants. Although she is currently employed by Terminal Railroad on the Non-Guarantee Extra Board ("XB"), a sort of "as needed" employment, she has no income because, as demonstrated in this case, she is not summoned for work on a regular basis and has essentially no income. Furthermore, she has living costs of approximately $1,500 per month and debt payments of approximately $260 per month, and has no assets other than a ten-year-old car. The Court notes, however, that Glenn has a master's degree in business administration and likely has prospects of obtaining better employment in the future. She may be able to earn enough money in the future to pay *some* costs without undue hardship.

The Court further notes that this action was not frivolous. The evidence revealed confusing or ambiguous circumstances surrounding her employment. For example, there was conflicting evidence regarding the date Glenn was placed on the XB and the reason for that placement, and there was evidence Terminal Railroad did not always follow its own rules or provide consistent reasons for its actions. The Court believes Glenn's pursuit of this action was in

good faith where irregularities in her employment were present.   Furthermore, the issues in this case were complex, involving civil rights and labor law.   Nevertheless, the ultimate result was clear; Glenn was not entitled to prevail on any of her claims.   Accordingly, she should not be completely relieved of the obligation to pay the defendants' costs.

For these reasons, the Court **DENIES** Glenn's petition to deny costs (Doc. 71) but will reduce the amount of costs requested to 25% of the bills of cost, resulting in an award of costs in the amount of $497.94 to TCU Local 574 and $787.80 to Terminal Railroad.   The Court further **DIRECTS** the Clerk of Court to enter a judgment of costs accordingly.

**IT IS SO ORDERED.**
**DATED:   August 27, 2015**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**